In re AMERICAN INTERNATIONAL GROUP, INC. DERIVATIVE LITIGATION.

No. 10–1658–CV.

United States Court of Appeals, Second Circuit.

March 17, 2011.

Albert M. Myers, Kahn Swick & Foti, LLC, Madisonville, LA (Brian J. Robbins, Felipe J. Arroyo, and Robbins Umeda LLP, San Diego, CA, Thomas G. Amon, New York, NY, on the brief), for Appellant.

Joseph S. Allerhand (Stephen A. Radin, Robert F. Carangelo, Stacy Nettleton, Robert V. Spake, Jr., on the brief), Weil Gotshal & Manges LLP, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, PIERRE N. LEVAL, REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Louisiana Municipal Police Employees Retirement System ("Louisiana Municipal") appeals from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*), dismissing its shareholder derivative action brought against nominal defendant, American International Group, Inc., and against

individual current and former officers and directors.

Louisiana Municipal asserts claims of breach of fiduciary duty, waste of corporate assets, contribution, and unjust enrichment. Louisiana Municipal also asserts violations of the Securities Exchange Act of 1934 ("Exchange Act") Section 20(a), 15 U.S.C. § 78t(a); Exchange Act Section 10(b), 15 U.S.C. § 78j(b); and Rule 10b–5, promulgated under the Exchange Act, 17 C.F.R. § 240.10b–5.

The district court dismissed Louisiana Municipal's complaint for failure to make a demand on the relevant board of directors of AIG. Fed.R.Civ.P. 23.1. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Having conducted the requisite review of the record, *see Scalisi v. Fund Asset Mgmt., L.P.,* 380 F.3d 133, 137 (2d Cir. 2004), we affirm the dismissal of Louisiana Municipal's complaint for substantially the reasons stated in the district court's thorough and well-reasoned opinion. *In re Am. Int'l Grp., Inc. Derivative Litig.,* 700 F.Supp.2d 419 (S.D.N.Y.2010) (Swain, *J.*).

Under applicable Delaware law, "directors are entitled to a presumption that they were faithful to their fiduciary duties," and a shareholder seeking to bring a derivative suit bears the burden of "overcom[ing] that presumption." *Beam v. Stewart,* 845 A.2d 1040, 1048–49 (Del.2004) (emphasis omitted). Louisiana Municipal has not alleged with sufficient particularity that demand on the board would have been futile. *See Brehm v. Eisner,* 746 A.2d 244, 254 (Del.2000). Accordingly, the failure to make a pre-suit demand is not excused. *See Wood v. Baum,* 953 A.2d 136, 140 (Del.2008).

Having considered all of Louisiana Municipal's arguments presented on appeal, we hereby **AFFIRM** the judgment of the district court.